# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXETTA E. AKHUND,<br><br>   Plaintiff,<br><br> v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>   Defendant. | Case No.: 1:16-cv-01301-BAM<br><br>**ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

## INTRODUCTION

Plaintiff Exetta E. Akhund ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DBI") under Title II of the Social Security Act.[1] The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.

The Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court affirms the agency's determination to deny benefits.

---

[1] Nancy A. Berryhill is the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as the defendant in this suit.

1

## FACTS AND PRIOR PROCEEDINGS

On April 5, 2012, Plaintiff filed an application for disability insurance benefits. AR 183-86.[2] Plaintiff alleged that she became disabled on April 15, 2011, due to major depression, anxiety and migraines. AR 199. Plaintiff's application was denied initially and on reconsideration. AR 112-15, 119-23. Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). ALJ Regina L. Sleater held a hearing on August 20, 2014, and issued an order denying benefits on October 23, 2014. AR 18-32, 37-71. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 12-14, 17. This appeal followed.

### Summary of Relevant Hearing Testimony

The ALJ held a hearing on August 20, 2014, in Fresno, California. AR 37-71. Plaintiff appeared with her attorney, William Tanoos. Impartial Medical Expert Dr. Richard Cohen, a psychiatrist, and impartial Vocational Expert Stephen Schmidt also appeared. AR 38.

In response to questioning by the ALJ, Dr. Richard Cohen, the impartial medical expert ("ME"), testified that since Plaintiff's alleged onset date of April 15, 2011, she has suffered from depression nos with hypersomnia, decreased energy, and decreased self-esteem. She also has personality disorder nos with narcissistic and histrionic features. The ME further testified that Plaintiff does not meet a listing. Her activities of daily living are not impaired, and she cooks, cleans, does the laundry, drives a car, pays the bills and makes the bed. Her social functioning is moderately impaired with anger issues. Her concentration, persistence and pace are not impaired, and her concentration was within normal limits on mental status exam. She does not have any episodes of decompensation. The ME noted that although the social worker identified Global Assessment of Functioning ("GAF") scores of 35, the social worker's checklist for functioning levels were good or fair and the psychologist assigned a GAF score of 71 to 80. The ME testified that he had not seen such high GAF scores in over 30 years of practice. Nevertheless, the ME opined that Plaintiff could do simple, repetitive tasks and more in a setting not among middle-aged white women. The ME

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

believed that Plaintiff would have problems interacting with such women. The ME did not identify any other work-related limitations. The ME also clarified that Plaintiff could do one-to-two-step simple, repetitive tasks and could do multi-step, complex tasks. AR 46-49. In response to questions from Plaintiff's attorney, the ME indicated that he did not see Plaintiff having problems functioning in complex tasks on a daily basis. The ME also felt that Plaintiff could deal with authority figures, and she would be fine in a work environment. AR 50-52.

The ALJ also elicited testimony from VE Stephen Schmidt. The VE testified that Plaintiff's past work was classified as casework supervisor and caseworker, child. AR 65. The ALJ also asked the VE hypothetical questions. For the first hypothetical, the ALJ asked to the VE to assume an individual with the same age, education and vocational background as Plaintiff who is right-hand dominant. This hypothetical worker also had no exertional limits, but could never climb ladders, ropes or scaffolds and must avoid concentrated exposure to hazards such as unprotected heights and open, heavy machinery. The VE testified that this hypothetical worker could perform all of Plaintiff's past work. AR 65-66.

For the second hypothetical, the ALJ asked to VE to take the same limitations as hypothetical one, but add off pace/slowing down, "producing about a third of what she usually would less than ten percent of the time." AR 66. The ALJ clarified that less than ten percent of the time there would be slowing of work to only producing two-thirds of what she normally would produce. The VE did not believe it would have an impact on Plaintiff's past work. AR 66.

For the third hypothetical, the ALJ asked the VE to assume all of the previous limitations and the worker was limited to lifting no more than 25 pounds frequently and 50 pounds occasionally. The VE testified that this would not make a difference. AR 67. There also would be no impact if the limitation was to 10 pound frequently and 20 pounds occasionally. AR 67.

For the next hypothetical, the ALJ asked the VE to assume a hypothetical person that could stand and walk, each time, 15 minutes and could lift 10 pounds frequently and 20 pounds occasionally, with the other limits set forth in the second hypothetical. The VE testified that he believed the caseworker, child position would be eliminated. AR 68.

For the next hypothetical the ALJ asked the VE to consider the previous hypothetical person who could lift and carry 10 pounds with a stand and walk of only 15 minutes at time. The VE testified that this would not make a difference to the supervisor job. AR 68.

For the next hypothetical, the ALJ asked if, at any of the levels, employment would be affected by the person being off task 15 percent of the time. The VE testified that there would no employment for that person. AR 68. The VE also testified that if the hypothetical person missed one day a month, it would not affect employment, but if the person was going to miss three days a month, then there would be no employment. AR 68-69.

Following the ALJ's questioning, Plaintiff's counsel also posed hypothetical questions to the VE. Counsel first asked the VE to consider a hypothetical individual limited to light work, but would be off task from complex tasks 20 percent of the time. The VE testified that such an individual would not be able to do any of Plaintiff's past work and the individual would be limited to unskilled work. AR 69. The VE further testified that if you were to add that the individual could have no interaction with supervisors on a regular basis, there would be no employment for the individual. AR 69.

**Medical Record**

The relevant medical record was reviewed by the Court, and will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 18-32. Specifically, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since April 15, 2011, her alleged onset date. AR 23. Further, the ALJ identified left leg edema, remote history of back injury and headaches as severe impairments. AR 23-24. Nonetheless, the ALJ determined that the severity of Plaintiff's impairments did not meet or equal any of the listed impairments. AR 25. Based on a review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, except lift and carry 20 pounds occasionally and frequently 10 pounds, no climbing ropes, ladders or scaffolds, avoid concentrated exposure to heights, and concentration, persistence and pace would be 1/3 of normal for 10% of the day. AR 25-31. With this RFC, the ALJ

found that Plaintiff could perform her past relevant work as a caseworker, supervisor and caseworker, child. AR 31. The ALJ therefore concluded that Plaintiff has not been under a disability from April 15, 2011, through the date of the decision. AR 31.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

# **DISCUSSION**[3]

Plaintiff contends that the ALJ erred by setting forth a deficient hypothetical to the vocational expert that did not encompass all of the limitations in the ALJ's RFC finding. (Doc. No. 16 at p. 4.) Specifically, Plaintiff contends that in propounding hypothetical questions to the VE, the ALJ failed to properly include that Plaintiff's concentration, persistence and pace would be 1/3 of normal for 10% of the day. *Id.*

"In order for the testimony of a VE to be considered reliable, the hypothetical posed must include 'all of the claimant's functional limitations, both physical and mental,' supported by the record *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002) (citation omitted); *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001) ("ALJ must propound a hypothetical to a VE that is based on medical assumptions supported by substantial evidence in the record that reflects all the claimant's limitations").

Here, the ALJ's RFC found that Plaintiff's "concentration, persistence pace would be 1/3 of normal for 10% of the day." AR 25. During the administrative hearing, the ALJ asked the VE to consider a hypothetical individual who would "produc[e] about a third of what she usually would less than ten percent of the time. So less than ten percent of the time there would be slowing of work to only producing two-thirds of what she normally would produce." AR. 66. The VE testified that this reduction would not have an impact on Plaintiff's past relevant work. AR 66.

Plaintiff now argues that the ALJ committed reversible error by asking the VE to assume "less" than 10% in the hypothetical question, because the RFC finds the limitation to be a full 10%. (Doc. 16 at p. 7.) Plaintiff thus concludes that the ALJ failed to propound a complete hypothetical to the ALJ. In response, the Commissioner "concedes that the hypothetical question and the RFC are technically different, but maintains that the differences are so marginal as to not affect the ALJ's conclusion that Plaintiff remained capable of performing her past relevant work." (Doc. No. 17 at p. 4.)

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

The Court has considered Plaintiff's argument, but does not find it persuasive. "'[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.'" *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (court "may not reverse an ALJ's decision on account of an error that is harmless") (citations omitted). Even if an ALJ erred, a reviewing court will still uphold the decision if the error was inconsequential to the ultimate non-disability determination, or where, despite the error, the ALJ's path "may reasonably be discerned," even if the ALJ explained the decision "with less than ideal clarity." *Brown–Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (citations omitted). Although Plaintiff points out the error, there is no demonstration that the error was actually prejudicial or harmful. This is particularly true given that the incremental difference between less than 10% and 10% is minimal, and Plaintiff has not demonstrated that said difference is consequential to the outcome or nondisability determination. *Molina*, 674 F.3d 1104, 1115 (9th Cir. 2012) (ALJ's error harmless where it is "inconsequential to the ultimate nondisability determination") (citation omitted); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless."); *Jackson v. Colvin*, No. 1:14–CV–01573–EPG, 2016 WL 775929, at *9 (E.D. Cal. Feb. 29, 2016) (court declined to elevate the technical form of the ALJ's decision above its substance and deemed the ALJ's inadvertent omission of a limitation in the express recitation of RFC harmless where the decision included consideration of the omitted limitation).

Moreover, any error is harmless because in formulating Plaintiff's RFC, the ALJ gave "great weight" to the ME's opinion that Plaintiff could do simple and repetitive type tasks with no limits on concentration, persistence and pace, and could also do complex tasks with moderate interaction with supervisors. AR 28-30, 48-49. Plaintiff not only has failed to challenge the ALJ's evaluation of the medical and opinion evidence, but also has failed to point to any medical source evidence limiting Plaintiff's concentration, persistence and pace. *Cf. Osenbrock*, 240 F.3d at 1165 ("It is, however, proper for an ALJ to limit a hypothetical to those impairments that are supported by substantial evidence in the record"); *Conn v. Colvin*, No. 3:15-CV-05086-KLS, 2015 WL 5794338, at *7 (W.D. Wash. Oct. 5, 2015) (ALJ erred in failing to explain or point to evidence in the record to support determination that plaintiff would be off-task less than five percent of the workday if plaintiff stopped

his substance abuse, but error deemed harmless because the ALJ properly rejected the only opinion evidence supporting such a limitation).

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, and against Plaintiff Exetta E. Akhund.

IT IS SO ORDERED.

Dated: **March 8, 2018**    /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE